# IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
# ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| LAVERNE RIPPY, SHARON HICKMAN, RAYMOND BRAND, EDWARD BUFFINGTON and LaTOSCHA BROWNLEE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SCHNUCK MARKETS, INC.,<br><br>　　　　　　Defendant. | Case No. 2013-L-218 |

## FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiffs LAVERNE RIPPY, SHARON HICKMAN, RAYMOND BRAND, EDWARD BUFFINGTON and LaTOSCHA BROWNLEE, individually and on behalf of all others similarly situated, by and through their undersigned attorneys, complaining of Defendant SCHNUCK MARKETS, INC., to wit:

## NATURE OF ACTION

1.　This case is about a data breach of the security of the system of Defendant SCHNUCK MARKETS, INC. ("Defendant"), a data collector, that resulted in compromised security of Defendant's customers' information, including credit and debit card information being breached.

## JURISDICTION AND VENUE

2. Jurisdiction exists pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-209 §§ (a) (1) as plaintiffs Rippy's, and Hickman's claims arise from business transacted within Illinois, (a) (2) as Plaintiff's claims arise from the commission of tortious acts within this state, and (b) (4) because Defendant does business within Illinois.

3. Venue in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois is proper under the Illinois Code of Civil Procedure, 735 ILCS 5/2-101 and 2-102, because Defendant does business in this county.

## PARTIES

4. At all times relevant, Plaintiff Rippy was and is a citizen and resident of Illinois. During the proposed class period, Plaintiff was a customer of Defendant at its St. Clair County, Illinois stores, and utilized her credit and/or debit cards at said location.

5. Plaintiff Hickman at all relevant times was and is a citizen and resident of St. Clair County, Illinois. During the proposed class period Plaintiff Hickman was a customer of Defendant's Swansea, Illinois store, used her credit and/or debit cards at said location and given the cancellation of her cards, suffered $40.00 in fraudulent/overdraft charges damages (see class definitions, *infra*) from items being automatically withdrawn from the replaced account. Neither Defendant nor Plaintiff Hickman's financial institution compensated her or reimbursed her for the overdraft fees.

6.     Plaintiff Raymond Brand at all relevant times was and is a citizen and resident of St. Louis County, Missouri.  During the proposed class period, Plaintiff Brand was a customer of Defendant's store located on Vogel Road in Arnold, MO, used his credit and/or debit cards at said location and given the cancellation of his cards, suffered replacement card damages in an amount to be specified at trial.  In addition, Plaintiff Brand was notified by his financial institution, Citibank, that his card was used at a 7-11 store in Seoul, Korea.  It also appeared someone was fishing the Internet for On-Line Purchases with his card.

7.     Plaintiff Edward Buffington at all relevant times was and is a citizenship and resident of St. Louis County, Missouri.  During the proposed class period, Plaintiff Buffington was a customer of Defendant's store located in Kirkwood, MO, used his credit and/or debit cards at said location and given the cancellation of his cards, suffered replacement card damages in an amount to be specified at trial.  Plaintiff Buffington also had fraudulent charges in the amount of approximately $306.66, through three (3) separate transactions for stores such as Wal-Mart and various restaurants.

8.     Plaintiff LaToscha Brownlee at all relevant times was and is a citizenship and resident of St. Louis County, Missouri.  During the proposed class period, Plaintiff Buffington was a customer of Defendant's store located in Florissant, MO, used her credit and/or debit cards at said location and given the cancellation of her cards, suffered replacement card damages in an amount to be specified at trial.  In addition, Plaintiff "Metra" card was charged for approximately

three separate fraudulent/overdraft charges four (4) days after Easter, 2013, totaling approximately $360.00 in "foreign country – ATM" (fraudulent/overdraft) charges.

9.  Defendant is a Missouri corporation with its principal place of business in Missouri.

## FACTUAL ALLEGATIONS

10. That there exists in Illinois and Missouri, certain statutes, the Personal Information Protection Act, 815 ILCS 530/1, *et seq.* and the Missouri Personal Information Protection Act, RSMO s. 407.1500 *et seq.* which both generally provide that a data collector must notify individuals in the most expedient manner possible when there is a breach of the security of the system that compromises the security of confidential information, including credit card or debit card information.

11. Defendant is a data collector that has customer credit card and debit card information, including that of Plaintiffs, who had breaches of the security of the system of said credit card and debit card information—or at least said was discovered—in March of 2013.

12. Defendant has not notified Plaintiffs in compliance with 815 ILCS 530/10 and RSMO s. 407.1500.2 respectively, including but not limited to advising customers of their rights to obtain consumer protection help from the Federal Trade Commission.

## CLASS ACTION ALLEGATIONS

13. This action is brought pursuant to 735 ILCS 5/2-801, and satisfies the

prerequisites set forth therein.

### A. Class Definition

14. Plaintiff brings this action individually and on behalf of the following classes:

**Replacement Card Damages Class**:

> All citizens of Illinois and Missouri with individual monetary claims not in excess of $75,000 exclusive of interest and costs, who shopped at Defendant's locations, who from five years preceding the data breach of Defendant's security that compromised credit card and debit card information, was not provided notice in compliance with 815 ILCS 530/10 or RSMO s. 407.1500.2 and suffered damages in the loss of use of their credit and debit cards until such time as replacement cards could be obtained.

**Fraudulent/Overdraft Charges Damages Class**:

> All citizens of Illinois and Missouri with individual monetary claims not in excess of $75,000 exclusive of interest and costs, who shopped at Defendant's locations, who from five years preceding the data breach of Defendant's security that compromised credit card and debit card information, was not provided notice in compliance with 815 ILCS 530/10 or RSMO 407.1500.2 and suffered damages in the amount of fraudulent charges made to their credit and/or debit cards not reimbursed or reversed by their financial institution or suffered damages in the amount of overdraft charges made to their credit and/or debit cards not reimbursed or reversed by their financial institution.

Excluded from the Class are members of the judiciary, Defendant, and any entity in which it has a controlling interest, including officers and directors and the members

of its immediate corporate family and Plaintiff's counsel.[1]

### B. Numerosity

15. Given that the class members are believed to number in at least a hundred, and are so numerous that joinder of them in a single action is impracticable. 735 ILCS 5/2-801(1).

### C. Common Questions of Law and Fact

16. There are questions of law and fact that are common to all class members, including <u>inter alia</u>:

> (a) Whether Defendant is a data collector within the meaning of 815 ILCS 530/5;
>
> (b) Whether there was a breach of the security of the system data within the meaning of 815 ILCS 530/5;
>
> (c) Whether personal information was compromised by Defendant within the meaning of 815 ILCS 530/5;
>
> (d) Whether Plaintiff and the Class are entitled to damages and if so, what is the proper measure of damages?

---

[1] Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proof at trial.

**D.  Adequacy of Representation**

17.  Plaintiff can and will fairly and adequately represent and protect the interests of the Class, 735 ILCS 5/2-801, for the reasons enumerated herein.

18.  The claims of Plaintiff are substantially similar, if not identical to, those of absent Class members.

19.  There are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, such that by prevailing on their own claims, Plaintiff will necessarily establish Defendant's liability as to all Class members.

20.  Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries.

21.  Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action.

22.  Plaintiff and Class counsel are aware of their fiduciary responsibilities to Class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

**E.  Appropriateness**

23.  A class action is the appropriate method to resolve this matter compared to any other available method for the fair and efficient adjudication of this controversy, given that:

>   (a)  Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to

        the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

(b)     The size of each class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)     Few class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d)     Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members;

(e)     Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f)     No unusual difficulties are likely to be encountered in the management of this class action insofar as Defendant Pearl Market, Inc.'s liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act by virtue of violation of the Illinois Personal Information Act ~ Illinois citizens)

24.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 24, as if fully set forth herein.

25. At all times relevant hereto, there was in full force and effect the Illinois Personal Information Protection Act (IPIPA), 815 ILCS 530/1 *et seq*.

26. The IPIPA states in relevant part:

> (a) Any data collector that owns or licenses personal information concerning an Illinois resident shall notify the resident at no charge that there has been a breach of the security of the system data following discovery or notification of the breach. The disclosure notification shall be made in the most expedient time possible and without unreasonable delay, consistent with any measures necessary to determine the scope of the breach and restore the reasonable integrity, security, and confidentiality of the data system.

815 ILCS 530/10.

27. Defendant is a data collector as defined by the IPIPA.

28. Defendant came into possession of Plaintiff's and Class members' personal information, as that is defined by the IPIPA.

29. Defendant had a duty to disclose in the most expedient time possible and without unreasonable delay the breach of the security of the system data. 815 ILCS 530/10.

30. Defendant, through its actions and/or omissions, failed to disclose in the most expedient time possible and without unreasonable delay the breach of the security of the system data.

31. Defendant's failure to timely disclose is a violation of the IPIPA.

32. Plaintiff and Class members request that an injunction be issued to require Defendant to comply with 815 ILCS 530/1 *et seq*.

33. Section 20 of the IPIPA also states:

> A violation of this Act constitutes an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act.

815 ILCS 530/20.

34. Accordingly, Defendant's violation of the IPIPA as alleged herein is also a violation of 815 ILCS 505/1 *et seq*.

**WHEREFORE,** Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Classes defined herein;

B. Designating Plaintiffs as representative of the Classes and their counsel as Class counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendant;

D. Awarding Plaintiffs and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

E. Granting such further relief as the Court deems just.

## COUNT II
**(Negligence)**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 24, as if fully set forth herein.

36. Defendant came into possession of Plaintiff's and Class members' credit and debit card information and had a duty to exercise reasonable care in

safeguarding and protecting such information from being compromised and/or stolen.

37.     Defendant also had a duty to timely disclose the fact that Plaintiff's and Class members' credit and debit card information within its possession had been, or was reasonably believed to have been compromised. See Count I *supra* (Illinois citizens) and *RSMO 407.1500.2*[2] (Missouri citizens).

38.     Defendant had a duty to protect Plaintiff's and Class members' credit and debit card information within its possession. *Id.*

39.     Defendant further had a duty to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent the theft or dissemination of Plaintiff's and Class members' credit and debit card information. The breach of this security and unauthorized access was reasonable foreseeable to Defendant.

40.     Defendant, through its acts and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to maintain reasonable procedures

---

[2] This section states:

    2.    (1)    Any person that owns or licenses personal information of residents of Missouri or any person that conducts business in Missouri that owns or licenses personal information in any form of a resident of Missouri shall provide notice to the affected consumer that there has been a breach of security following discovery or notification of the breach. The disclosure notification shall be:

    (a)    Made without unreasonable delay;

    (b)    Consistent with the legitimate needs of law enforcement, as provided in this section; and

    (c)    Consistent with any measures necessary to determine sufficient contact information and to determine the scope of the breach and restore the reasonable integrity, security, and confidentiality of the data system.

designed to protect against unauthorized access while transferring the credit and debit card information within its possession.

41. Defendant, through its acts and/or omissions, breached its duty to timely disclose the fact that Plaintiff's and Class members' credit and debit card information within its possession had been, or was reasonably believed to have been, compromised.

42. But for Defendant's negligent and wrongful breach of its duties owed to Plaintiff and Class members, their credit and debit card information would not have been compromised.

43. Plaintiff's and Class members' credit and debit card information was compromised, viewed, and/or stolen as the proximate result of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard the private, non-public, credit and debit card information within its possession.

44. Plaintiff and Class members suffered actual damages including, but not limited to having their credit and debit card information compromised, incurring numerous hours cancelling their compromised cards, activating replacement cards and re-establishing automatic withdrawal payment authorizations from their old cards to their new cards, and other economic and non-economic harm.

**WHEREFORE,** Plaintiffs, individually and on behalf of the Classes of persons described herein, pray for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Classes defined herein;

    B.    Designating Plaintiffs as representatives of the Classes and their counsel as Class counsel;

    C.    Entering judgment in favor of Plaintiffs and the Classes and against Defendant;

    D.    Awarding Plaintiffs and Class members their actual individual damages, costs and attorneys' fees, including interest thereon; and

    E.  Granting such further relief as the Court deems just.

**DATED:  May 30, 2013**

Respectfully submitted,

**Laverne Rippy, Sharon Hickman, Raymond Brand, Edward Buffington and LaToscha Brownlee,**

**Class Plaintiffs,**

By:  /s/ Jeffrey A. J. Millar
       One of Their Attorneys

Jeffrey A. J. Millar #6271673

**Millar Law Firm, LLC**

111 Westport Plaza Drive, Suite 600
St. Louis, MO 63146
Telephone:  (636) 448-4982
Facsimile: (314) 218-3446

www.millarlawfirm.com